2026 IL App (1st) 250627-U
No. 1-25-0627
Order filed May 22, 2026

Sixth Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| CORINTHIAN CONDOMINIUM ASSOCIATION, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | No. 23 M2 001273 |
| v. | ) ) | |
| PADMA RAO, | ) ) | The Honorable James L. Allegretti, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HYMAN delivered the judgment of the court.
Justices Pucinski and Gamrath concurred in the judgment.

**ORDER**

*Held*: Affirming eviction order, money judgment, and attorneys' fee award for condominium unit owner's failure to pay assessments.

¶ 1 Corinthian Condominium Association filed a complaint against Padma Rao seeking possession of her condominium unit and $3,066.65 in unpaid assessments, plus interest and costs. Rao moved for summary judgment, arguing Corinthian's 30-day notice violated section 9-401 of the Forcible Entry and Detainer Act (735 ILCS 5/9-104.1 (West 2024)) because it failed to accurately state the amount owed. The trial court denied the motion, and after a one-

day trial, a jury awarded Corinthian possession and $2,223.69 in unpaid assessments. The trial court denied Rao's motion for judgment notwithstanding the verdict (JNOV) or, alternatively, a new trial, and granted Corinthian's fee petition, ordering Rao to pay $30,853 in attorneys' fees plus costs.

¶ 2    Rao contends the trial court erred in (i) denying her motion for summary judgment and for a JNOV or a new trial where Corinthian's 30-day notice demanded more than she owed in unpaid assessments, (ii) failing to instruct that the jury could find for Corinthian only if the 30-day notice accurately stated the amount owed, and (iii) improperly awarding certain attorneys' fees.

¶ 3    We affirm. The 30-day notice satisfied the statutory requirement and does not provide a basis for summary judgment, a JNOV, or a new trial. Further, the trial court did not abuse its discretion in instructing the jury and awarding attorneys' fees.

¶ 4                                                        Background

¶ 5    Corinthian filed a complaint against Rao in April 2023, later amended, seeking possession of her condominium unit and past-due assessments, costs, late fees, and attorneys' fees. Attached to the complaint was the 30-day notice sent to Rao stating she owed "$3,066.65 for your proportionate share of the expenses of administration, maintenance and repair of the common elements/areas and other expenses lawfully agreed upon due and owing for the period August 2021 to February 1, 2023, as well as the sum of $458.70 in legal fees and costs in attempting to collect this account, for a total sum of $3,525.35."

¶ 6    Rao moved for summary judgment, arguing Corinthian's 30-day notice demanded more than what she owed in violation of the requirements of section 9-104(a) of the Forcible Entry and Detainer Act. (Act) 735 ILCS 5/9-104.1(a) (West 2024). Specifically, Rao asserted she

owed $2,622.05 in past-due assessments, not $3,066.65, because she timely sent Corinthian a $444.60 cashier's check for the February 2023 assessment. Rao argued that the failure to accurately state the amount owed violated the strict notice requirements of section 9-401, entitling her to summary judgment. The trial court denied the motion.

¶ 7     After a one-day trial, a jury returned a verdict for Corinthian, awarding possession and $2,223.39 in unpaid assessments. Rao moved for a JNOV or a new trial. She argued the notice conflicted with the jury instructions because the court instructed the jury to find for Corinthian: "[i]f you find that notice served on the Defendant unit owners reflected the amount of assessments due and owing and if you further find that the Defendant unit owners did not pay the full amount of those assessments within the time specified in the written notice." According to Rao, she did not owe the amount listed in the notice, so the jury could not find for Corinthian.

¶ 8     Rao also argued she was entitled to a new trial because the trial court failed to instruct the jury that it could find for Corinthian only if the 30-day notice accurately reflected the amount owed in past-due assessments. Further, she renewed her argument that the inaccurate notice entitled her to summary judgment, preserving the issue for appeal. The trial court denied the motion for JNOV or new trial and entered an eviction order.

¶ 9     Corinthian filed an attorneys' fee petition but inadvertently failed to include an attorney signature and supporting documentation. With leave of court, Corinthian amended the petition to seek $31,621.75 in attorneys' fees and $1,162.06 in costs, supported by attorney affidavits and billing records. The trial court granted the petition, awarding Corinthian $30,853 in attorneys' fees and its costs, after reducing the time allowed for Zoom appearances.

¶ 10                                    Analysis

¶ 11                              Thirty-Day Notice

¶ 12      Rao contends she was entitled to summary judgment, a JNOV, or a new trial because Corinthian's 30-day notice demanded more than what she owed in unpaid assessments.

¶ 13      Summary judgment is proper where no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005 (West 2024). In ruling, the trial court considers "the pleadings, depositions, admissions, exhibits, and affidavits on file in the case" and construes that evidence in favor of the nonmoving party. *Purtill v. Hess*, 111 Ill.2d 229, 240 (1986). Summary judgment should be allowed only "when the right of the moving party is clear and free from doubt." *Id*. We review the trial court's decision *de novo*. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill.2d 90, 102 (1992).

¶ 14      The Act provides a mechanism for the peaceful adjudication of possession rights in the trial court (*Perry v. Evanston Young Men's Christian Ass'n*, 92 Ill. App. 3d 820, 823 (1981)) and "the complete remedy for settling disputes about real property" *Chicago Transit Authority v. Clear Channel Outdoor, Inc.*, 366 Ill.App.3d 315, 325 (2006). As the Act is a derogation of common law, courts must strictly comply with its procedures. *Circle Management LLC v. Olivier*, 378 Ill.App.3d 601, 608 (2007) (citing *First National Bank of Evergreen Park v. Chrysler Realty Corp.*, 168 Ill. App. 3d 784, 791 (1988)).

¶ 15      The Act states that "[i]n case of a condominium unit, the demand shall set forth the amount claimed which must be paid within the time prescribed in the demand and the time period or periods when the amounts were originally due ***." 735 ILCS 5/2-104.1(a) (West 2024). But the statute nowhere provides that an inaccurate amount automatically invalidates the notice. Indeed, this court has held that a notice that demands more than the plaintiff is entitled to receive does not render the notice invalid. *Burnham Management Co. v. Davis*, 302 Ill. App. 3d 263, 272 (1998) (citing *Elizondo v. Medina*, 100 Ill. App. 3d 718, 721 (1981)).

¶ 16    In *Elizondo*, the landlord's five-day notice required a tender of $900 when $800 was due. The defendant tendered $400 and was later evicted. This court rejected "the defendant's argument that the 5-day notice was invalid because it demanded more money than plaintiff was entitled to receive *** because the "defendant, having tendered only $400, cannot claim prejudice." *Id.* at 721.

¶ 17    Rao tendered no money in response to the notice. As in *Elizondo,* where the defendant paid less than what was owed, Rao cannot show prejudice from the incorrect amount.

¶ 18    Rao's reliance on *Board of Directors v. Bourdage*, 2021 IL App (1st) 192536, and *Eppers v. First National Bank*, 151 Ill. App. 3d 902 (1987), is unavailing. In *Bourdage*, the condominium association sought to evict a unit owner for failing to pay fines arising from alleged violations of the association's declaration and bylaws. After a bench trial, the trial court refused to enter an eviction order, finding that the board did not provide the unit owner adequate notice and opportunity to be heard before imposing fines. The appellate court affirmed, holding the association could not evict the unit owner without first affording her an opportunity to contest the alleged violations, an issue absent here.

¶ 19    Similarly, *Eppers v. First National Bank* did not hold that a 30-day notice is invalid if it inaccurately states the amount owed. Instead, the court held that under the Act, purchasers under an installment sale contract had 30 days to cure defaults after receiving notice of intent to declare forfeiture. *Id*. at 907-08.

¶ 20    Neither *Bourdage* nor *Eppers* supports Rao's contention that a 30-day notice is invalid whenever it inaccurately states the amount owed. And because Rao made no effort to cure the default, she cannot establish prejudice. Thus, the trial court did not err in denying Rao's motion for summary judgment or post-trial motions for a JNOV or new trial.

¶ 21                                    Jury Instructions

¶ 22        For much the same reason, we reject Rao's challenge to the jury instructions. We review the decision for an abuse of discretion, considering whether the instructions, taken as a whole, fairly and accurately state the law and were sufficiently clear to avoid misleading the jury. *Eid v. Loyola University Medical Center*, 2017 IL App (1st) 143967, ¶ 56.

¶ 23        Rao takes issue with the jury instruction requiring the Association to prove "The condominium assessments related to the Unit were due and owing on the date the association serves the Notice and Demand on the Unit Owner(s)" and that "the Unit Owner(s) failed to pay the amount included in the Notice and Demand within the time period specified therein." She contends the instruction conflicts with section 9-104.1(a) by allowing a plaintiff to obtain a verdict even if the amount demanded in the 30-day notice greatly exceeds the amount owed.

¶ 24        But neither the Act nor caselaw provides that a 30-day notice becomes invalid due to its inaccurately stating the amount owed. Hence, the instruction was not an abuse of discretion.

¶ 25        Nor does Rao's contention that, without this requirement, a plaintiff could obtain a verdict regardless of the amount demanded in its 30-day notice withstand scrutiny. To prevail under the Act, a plaintiff must prove: (i) common expenses or "other expenses lawfully agreed upon" were owed, (ii) the owner failed to pay them, and (iii) the amount owed. See *North Spaulding Condominium Ass'n v. Cavanaugh*, 2017 IL App (1st) 160870, ¶ 25. The plaintiff bears the burden by a preponderance of the evidence. 735 ILCS 5/9-109.5 (West 2024). Thus, the plaintiff cannot recover any figure in the 30-day notice; it may recover only the amount proved at trial. Here, the 30-day notice sought $3,066.65 in unpaid assessments, and the jury awarded Corinthian $2,223.69, based on the evidence of what Rao owed.

¶ 26                                    Attorneys' Fees

¶ 27    The trial court has broad discretion in awarding attorneys' fees, and we will not reverse the decision absent an abuse of discretion. *3432 West Henderson Building, LLC v. Gizynski*, 2017 IL App (1st) 160588, ¶ 40. The party seeking attorneys' fees has the burden of presenting sufficient evidence that the requested fees are reasonable. *1010 Lake Shore Ass'n v. Deutsche Bank National Trust Co.*, 2014 IL App (1st) 130962, ¶ 28. In assessing reasonableness, courts consider "the skill and standing of the attorney, the nature of the cause, novelty and difficulty of the questions at issue, importance of the subject matter, degree of responsibility involved in managing the case, time and labor required, customary charges in the community, benefits resulting to the client, and the connection between the amount of fees sought and the amount of money involved in the litigation." *Id.*

¶ 28    Rao argues that the trial court abused its discretion by allowing Corinthian to (i) add $2,396.25 in fees to its amended petition, (ii) increase an attorneys' hourly rate during the litigation, (iii) charge a higher hourly rate for an attorney with less experience than another attorney, (iv) bill for clerical work without identifying the employee, (v) bill 4.3 hours to review documents its client produced on the eve of trial, and (vi) bill 13.2 hours responding to her JNOV motion. Rao also asks us to reduce the fee award by half based on what she characterizes as false pleadings and affidavits.

¶ 29    It is axiomatic that an amended pleading supersedes the prior pleadings. See *People v. Cross*, 144 Ill.App.3d 409, 412 (1986) ("[A]s a general rule, an amendment which is complete in itself and which makes no reference to the prior pleading supersedes it, and the original pleading ceases to be a part of the record, being in effect abandoned or withdrawn."). Thus, Corinthian's amended fee petition superseded its original petition, and the trial court properly considered it, including the additional charges.

¶ 30      Rao cites no authority supporting her arguments that a law firm may not increase hourly rates during pending litigation or set different rates for attorneys, provided the rates are reasonable. Her failure to support both arguments with authority violates Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) and results in their forfeiture. See *Lake County Grading Co., LLC v. Village of Antioch*, 2014 IL 115805, ¶ 36.

¶ 31      Rao's contention that Corinthian improperly billed for clerical work also fails. Corinthian submitted affidavits from two attorneys stating that "All paralegal work in this matter has been billed at $265.00 per hour," along with detailed bills reflecting those charges. Rao cites no authority requiring the identification of each employee. Nor does the record suggest the rate was unreasonable or that the court abused its discretion in awarding those fees.

¶ 32      Likewise meritless are Rao's challenges to the fees incurred reviewing documents received the day before trial and responding to her JNOV motion. Corinthian's attorneys were obligated to review documents obtained on the eve of trial and nothing in the record suggests misconduct in the timing of their production. Further, Rao offers no evidence that the hours billed or the amounts charged in responding to her posttrial motion were unreasonable.

¶ 33      Finally, Rao asks us to reduce the fee award by 50% because Corinthian filed an incomplete original fee petition and purportedly false pleadings and affidavits. As noted, Corinthian's amended fee petition superseded its original petition, which was effectively withdrawn and no longer before the court. *Cross*, 144 Ill. App. 3d 409, 412. Moreover, Rao's assertions that Corinthian filed false documents find no support in the record. She claims Corinthian falsely stated in an affidavit and balance sheet that 2023 cashier's checks in its possession were missing. No statement appears in either document.

¶ 34      Affirmed.