# Illinois Official Reports

## Supreme Court

---

### *1010 Lake Shore Ass'n v. Deutsche Bank National Trust Co.*, 2015 IL 118372

---

| | |
|---|---|
| Caption in Supreme Court: | 1010 LAKE SHORE ASSOCIATION, Appellee, v. DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Loan Tr 2004-1, Asset-Backed Certificates, Series 2004-1, Appellant. |
| Docket No. | 118372 |
| Filed | December 3, 2015 |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. Martin Paul Moltz, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Jena M. Valdetero and Aukse Stase Joiner, of Chicago, Timothy J. Hasken, of St. Louis, Missouri, and K. Lee Marshall, all of Bryan Cave LLP, for appellant. |
| | Matthew J. Goldberg and Kaitlyn Connelly, of Bancroft, Richman and Goldberg, LLC, of Chicago, for appellee. |
| | Robert H. Rappe, Jr., and Louis J. Manetti, Jr., of Codilis & Associates, P.C., of Burr Ridge, for *amicus curiae* Federal National Mortgage Association. |
| | David J. Bloomberg and Adam K. Beattie, of Chuhak & Tecson, P.C., of Chicago, for *amicus curiae* Condominium Association Institute. |

Justices                         JUSTICE KILBRIDE delivered the judgment of the court, with opinion.

Chief Justice Garman and Justices Freeman, Thomas, Karmeier, Burke, and Theis concurred in the judgment and opinion.

**OPINION**

¶ 1      The issue in this case involves the construction of section 9(g)(3) of the Condominium Property Act (Act) (765 ILCS 605/9(g)(3) (West 2008)). The appellate court held that under section 9(g)(3), defendant Deutsche Bank National Trust Company failed to confirm the extinguishment of the plaintiff condominium association's lien created when the prior unit owner did not pay common expense assessments. 2014 IL App (1st) 130962. For the following reasons, we affirm the appellate court's judgment.

¶ 2                                 I. BACKGROUND

¶ 3      Defendant Deutsche Bank National Trust Company, as Trustee for Loan Tr 2004-1, Asset-Backed Certificates, Series 2004-1, purchased a condominium unit at a judicial foreclosure sale on June 17, 2010. On March 27, 2012, plaintiff 1010 Lake Shore Association mailed defendant a demand for payment of the unit's assessments for common expenses.

¶ 4      On May 17, 2012, plaintiff filed a complaint seeking possession of the property, an award of all unpaid assessments, attorney fees, and costs. In its complaint, plaintiff alleged that defendant owed $62,530.81 in assessments as of March 27, 2012.

¶ 5      After defendant filed its answer, plaintiff moved for summary judgment arguing there were no questions of material fact on the amount owed or defendant's failure to pay the assessments. Based on section 9(g)(3) of the Act (765 ILCS 605/9(g)(3) (West 2008)), plaintiff asserted that the lien against the property for the prior owner's unpaid assessments had not been extinguished because defendant failed to pay the assessments accruing after it purchased the unit at the judicial foreclosure sale. Consequently, plaintiff alleged defendant was also required to pay those prior assessments.

¶ 6      Plaintiff attached to its summary judgment motion an affidavit of its property manager, Mary Morrison. Morrison averred that: (1) no assessment payments were made for the unit since July 1, 2010; (2) the outstanding balance was $67,935.16 as of August 8, 2012; (3) assessments accrued at the rate of $1,041.87 per month; and (4) late fees were $50 per month.

¶ 7      Defendant responded that it could not be held liable under section 9(g)(3) of the Act for unpaid assessments that accrued before it purchased the unit at the judicial foreclosure sale. Defendant asserted those prior assessments accounted for more than $43,000 of the total. Defendant also contended that any lien relating to the preforeclosure assessments was extinguished in the foreclosure action and there was a genuine issue of material fact on the amount of assessments incurred after it purchased the unit. Following a hearing, the trial court of Cook County granted summary judgment for plaintiff in the amount of $70,018.90 and entered an order awarding plaintiff possession of the property.

¶ 8      On appeal, defendant contended that the trial court misconstrued section 9(g)(3) of the Act. Defendant argued that under section 9(g)(3) a purchaser of a condominium unit at a foreclosure sale is only required to pay the common expenses that accrue following the sale. The appellate court agreed that the first sentence of section 9(g)(3) only requires the purchaser to pay assessments from the first day of the month following the sale. The second sentence, however, provides that making those assessment payments "confirms the extinguishment" of the lien created when the prior owner failed to pay assessments. 2014 IL App (1st) 130962, ¶ 12. The appellate court determined that "under the plain language of section 9(g)(3), a lien created under section 9(g)(1) for unpaid assessments by a previous owner is not fully extinguished following a judicial foreclosure and sale until the purchaser makes a payment for assessments incurred after the sale." 2014 IL App (1st) 130962, ¶ 12.

¶ 9      The appellate court found that the lien for the prior owner's unpaid assessments was not extinguished because defendant failed to pay the assessments following the foreclosure sale. 2014 IL App (1st) 130962, ¶ 17. The appellate court concluded there was no genuine issue of material fact on the amount owed by defendant, and the trial court did not err in granting summary judgment for plaintiff. 2014 IL App (1st) 130962, ¶ 19. The trial court's judgment was, therefore, affirmed. 2014 IL App (1st) 130962, ¶ 31.

¶ 10      Justice Liu dissented, asserting that section 9(g)(3) of the Act and section 15-1509(c) of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1509(c) (West 2008)), establish a complementary procedure for extinguishing liens held by a condominium association. Section 15-1509(c) of the Foreclosure Law applies to bar any claim based on a lien when the condominium association has been named as a party to a foreclosure action. 2014 IL App (1st) 130962, ¶ 38 (Liu, J., dissenting). Section 9(g)(3) of the Act applies when a condominium association is not named as a party to the foreclosure action, and it provides a way for a foreclosure sale purchaser to extinguish a preexisting lien that survives the foreclosure action. To extinguish the lien under section 9(g)(3), the purchaser must pay the assessments that accrue after the sale. 2014 IL App (1st) 130962, ¶ 38 (Liu, J., dissenting). The dissenting justice concluded that plaintiff's lien based on the assessments owed by the prior owner was extinguished in the foreclosure action because plaintiff "was purportedly a party in [that] action." 2014 IL App (1st) 130962, ¶ 39 (Liu, J., dissenting).

¶ 11      We allowed defendant's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. May 1, 2013). We also allowed the Federal National Mortgage Association and the Condominium Association Institute to file *amicus curiae* briefs. Ill. S. Ct. R. 345 (eff. Sept. 20, 2010).

¶ 12                                  II. ANALYSIS

¶ 13      Defendant raises two issues on appeal to this court. First, defendant raises the argument on the construction of section 9(g)(3) of the Act, asserting that issue "has been the crux of this case since [plaintiff] filed its motion for summary judgment." Second, defendant challenges the remedy chosen by plaintiff, contending the appellate court erred in allowing plaintiff to enforce the lien through a personal money judgment action rather than a lien foreclosure proceeding. Defendant contends that the appropriate remedy is for plaintiff to file a lien foreclosure action rather than a forcible entry and detainer action under section 9.2(a) of the Act (765 ILCS 605/9.2(a) (West 2008)) and the forcible entry and detainer statute (735 ILCS 5/9-101 *et seq.* (West 2008)).

¶ 14     Plaintiff responds that defendant's argument challenging the remedy is forfeited for failure to raise it in the trial court. Issues not raised in either the trial court or the appellate court are forfeited. *WISAM 1, Inc. v. Illinois Liquor Control Comm'n*, 2014 IL 116173, ¶ 23. The purpose of this court's forfeiture rules is to encourage parties to raise issues in the trial court, thus ensuring both that the trial court is given an opportunity to correct any errors prior to appeal and that a party does not obtain a reversal through his or her own inaction. *People v. Denson*, 2014 IL 116231, ¶ 13.

¶ 15     Defendant did not present any argument in the trial court challenging plaintiff's use of the forcible entry and detainer remedy under section 9.2 of the Act. In fact, the issue was never raised until after the appellate court issued its decision. At that point, defendant filed a petition for rehearing raising the question for the first time. The trial court did not have an opportunity to consider and rule upon this question. Defendant, therefore, forfeited this issue by failing to timely raise it in the trial court.

¶ 16     We now address the remaining issue in this appeal on the construction of section 9(g)(3) of the Act. Defendant asserts its argument "mirrors" the appellate court dissent. Defendant contends that subsection 9(g)(3) provides foreclosure sale purchasers an alternative means of extinguishing a condominium association's lien if the foreclosing party failed to extinguish the lien under the Foreclosure Law (735 ILCS 5/15-1509(c) (West 2008)). Defendant maintains that the Foreclosure Law extinguishes assessment liens when the condominium association is joined as a party to the foreclosure action and section 9(g)(3) of the Act permits a foreclosure sale purchaser to extinguish a surviving lien by paying the assessments coming due after the sale. Defendant asserts it joined plaintiff in the foreclosure action and, therefore, plaintiff's lien was extinguished under the Foreclosure Law.

¶ 17     Initially, plaintiff contends defendant forfeited its argument relying on canons of statutory construction because it did not raise that argument in either the trial or the appellate court. Plaintiff argues that defendant failed to even acknowledge the second sentence of section 9(g)(3) in the trial and appellate courts, and it cannot now argue that section 9(g)(3) conflicts with the Foreclosure Law.

¶ 18     Defendant's contention based on canons of statutory construction is merely one argument addressing the issue of the proper construction of section 9(g)(3). Even if defendant did not make that specific argument in the trial or appellate court, defendant has consistently disputed the issue of statutory construction. This court only requires parties to preserve issues or claims for appeal. They are not required to limit their arguments in this court to the same ones made in the trial and appellate courts. *Brunton v. Kruger*, 2015 IL 117663, ¶ 76. Accordingly, defendant's statutory construction argument is not forfeited.

¶ 19     On the merits, plaintiff contends that section 9(g)(3) of the Act imposes an additional step in extinguishing a condominium association's lien. The additional step simply requires the foreclosure sale purchaser to pay its common expense assessments following the sale. Plaintiff maintains that by refusing to pay any postforeclosure sale assessments, defendant failed to confirm the extinguishment of plaintiff's lien for the unpaid assessments of the prior owner.

¶ 20     This appeal arises from the trial court's order granting plaintiff summary judgment. Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

- 4 -

and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2008). The interpretation of a statute is a matter of law appropriate for summary judgment. *Lake County Grading Co. v. Village of Antioch*, 2014 IL 115805, ¶ 18. We review a trial court's summary judgment ruling *de novo*. *Nationwide Financial, LP v. Pobuda*, 2014 IL 116717, ¶ 24.

¶ 21 In resolving this appeal, we must construe the terms of the Act and the Foreclosure Law. Questions of statutory construction are also reviewed *de novo*. *Skaperdas v. Country Casualty Insurance Co.*, 2015 IL 117021, ¶ 15. The fundamental objective of statutory construction is to ascertain and give effect to the intent of the legislature. *Bettis v. Marsaglia*, 2014 IL 117050, ¶ 13. The most reliable indicator of legislative intent is the statutory language, given its plain and ordinary meaning. *State Building Venture v. O'Donnell*, 239 Ill. 2d 151, 160 (2010). A reasonable construction must be given to each word, clause, and sentence of a statute, and no term should be rendered superfluous. *Slepicka v. Illinois Department of Public Health*, 2014 IL 116927, ¶ 14.

¶ 22 We begin by reviewing the relevant provisions of the Act. Section 9(g)(1) provides:

"(1) If any unit owner shall fail or refuse to make any payment of the common expenses or the amount of any unpaid fine when due, the amount thereof *** shall constitute a lien on the interest of the unit owner in the property prior to all other liens and encumbrances, recorded or unrecorded, except only (a) taxes, special assessments and special taxes theretofore or thereafter levied by any political subdivision or municipal corporation of this State and other State or federal taxes which by law are a lien on the interest of the unit owner prior to preexisting recorded encumbrances thereon and (b) encumbrances on the interest of the unit owner recorded prior to the date of such failure or refusal which by law would be a lien thereon prior to subsequently recorded encumbrances. Any action brought to extinguish the lien of the association shall include the association as a party." 765 ILCS 605/9(g)(1) (West 2008).

¶ 23 The plain language of section 9(g)(1), therefore, creates a lien in favor of a condominium association upon the failure or refusal of a unit owner to pay common expense assessments. Section 9(g)(3) states that:

"(3) The purchaser of a condominium unit at a judicial foreclosure sale, or a mortgagee who receives title to a unit by deed in lieu of foreclosure or judgment by common law strict foreclosure or otherwise takes possession pursuant to court order under the Illinois Mortgage Foreclosure Law, shall have the duty to pay the unit's proportionate share of the common expenses for the unit assessed from and after the first day of the month after the date of the judicial foreclosure sale, delivery of the deed in lieu of foreclosure, entry of a judgment in common law strict foreclosure, or taking of possession pursuant to such court order. Such payment confirms the extinguishment of any lien created pursuant to paragraph (1) or (2) of this subsection (g) by virtue of the failure or refusal of a prior unit owner to make payment of common expenses, where the judicial foreclosure sale has been confirmed by order of the court, a deed in lieu thereof has been accepted by the lender, or a consent judgment has been entered by the court." 765 ILCS 605/9(g)(3) (West 2008).

¶ 24    The first sentence of section 9(g)(3) plainly requires a foreclosure sale purchaser to pay common expense assessments beginning in the month following the foreclosure sale. The second sentence provides an incentive for prompt payment of those postforeclosure sale assessments, stating "[s]uch payment confirms the extinguishment of any lien created" under subsection 9(g)(1) by the prior unit owner's failure to pay assessments. "[C]onfirm" means "[t]o give formal approval to," "[t]o verify or corroborate," or "[t]o make firm or certain." Black's Law Dictionary 318 (8th ed. 2004). "Extinguishment" is defined as "[t]he cessation or cancellation of some right or interest." Black's Law Dictionary 623 (8th ed. 2004). Accordingly, under the plain language of section 9(g)(3), the payment of postforeclosure sale assessments formally approves and makes certain the cancellation of the condominium association's lien.

¶ 25    By requiring the foreclosure sale purchaser to "confirm[ ] the extinguishment" of the lien, section 9(g)(3) plainly mandates an additional step beyond the extinguishment of the lien in a foreclosure action. Section 9(g)(3) sets forth that additional step, stating the extinguishment is confirmed by payment of postforeclosure sale assessments.

¶ 26    Contrary to defendant's argument, the language of section 9(g)(3) cannot be construed as an alternative means for foreclosure sale purchasers to extinguish a condominium association's lien when the association was not joined as a party to the foreclosure action. Section 9(g)(1) creates an association's lien upon the failure or refusal of a unit owner to make common expense payments when due, and that section states, "[a]ny action brought to extinguish the lien of the association shall include the association as a party." Thus, section 9(g)(1) is very specific on the method for extinguishing an association's lien created by the prior unit owner's failure to pay assessments. Section 9(g)(1) states an action to extinguish the lien "shall include the association as a party." The statute does not provide that a foreclosure sale purchaser may extinguish the lien by simply making postforeclosure sale assessment payments.

¶ 27    Additionally, defendant's argument is contrary to the plain language of section 9(g)(3). Section 9(g)(3) requires payment of postforeclosure sale assessments to "confirm the extinguishment" of the lien. The plain language of section 9(g)(3) assumes that the lien has already been extinguished by including the association as a party to a foreclosure action. Section 9(g)(3) provides an additional step to confirm or formally approve the extinguishment by paying the postforeclosure sale assessments. We conclude that defendant's proposed construction of section 9(g)(3)—that it provides an alternative method to extinguish the condominium association's lien—is contrary to the express language of sections 9(g)(1) and 9(g)(3). Significantly, defendant does not provide any other proposed construction for the second sentence of section 9(g)(3).

¶ 28    Defendant contends, however, that sections 9(g)(4) and 9(g)(5) show the legislature did not intend for mortgagees to be liable for their borrower's prior unpaid assessments. Defendant asserts that in those subsections, the legislature enacted a rule allowing condominium associations to collect up to six months of unpaid assessments incurred prior to the foreclosure sale, but expressly exempted mortgagees from the requirement to pay those assessments. Defendant argues the six-month rule in sections 9(g)(4) and 9(g)(5) shows the legislature did not intend foreclosure sale purchasers to be liable for all unpaid assessments incurred prior to the sale.

¶ 29 Section 9(g)(4) provides:

> "(4) The purchaser of a condominium unit at a judicial foreclosure sale, other than a mortgagee, who takes possession of a condominium unit pursuant to a court order or a purchaser who acquires title from a mortgagee shall have the duty to pay the proportionate share, if any, of the common expenses for the unit which would have become due in the absence of any assessment acceleration during the 6 months immediately preceding institution of an action to enforce the collection of assessments, and which remain unpaid by the owner during whose possession the assessments accrued. If the outstanding assessments are paid at any time during any action to enforce the collection of assessments, the purchaser shall have no obligation to pay any assessments which accrued before he or she acquired title." 765 ILCS 605/9(g)(4) (West 2008).

¶ 30 Section 9(g)(5) provides, in pertinent part:

> "(5) The notice of sale of a condominium unit under subsection (c) of Section 15-1507 of the Code of Civil Procedure shall state that the purchaser of the unit other than a mortgagee shall pay the assessments and the legal fees required by subdivisions (g)(1) and (g)(4) of Section 9 of this Act." 765 ILCS 605/9(g)(5) (West 2008).

¶ 31 We believe sections 9(g)(4) and 9(g)(5) are consistent with our interpretation of section 9(g)(3). Together, those provisions allow condominium associations to recover a portion of the prior owner's unpaid assessments and to ensure payment of assessments that accrue following the foreclosure sale.

¶ 32 Specifically, sections 9(g)(4) and 9(g)(5) apply to foreclosure sale purchasers other than mortgagees and to purchasers acquiring title from a mortgagee. Those third-party purchasers are required to pay a prior owner's unpaid assessments that accrued during the six months preceding an action to collect assessments. Section 9(g)(5) requires the notice of the foreclosure sale to state that a purchaser other than a mortgagee must pay those prior unpaid assessments. Sections 9(g)(4) and 9(g)(5), therefore, allow condominium associations to recover a portion of the prior owner's unpaid assessments from the new owner.

¶ 33 Section 9(g)(3), in contrast, applies to all foreclosure sale purchasers, including mortgagees, and it simply requires the purchaser to pay assessments beginning the month following the foreclosure sale to confirm the extinguishment of the lien created by the prior owner's failure to pay assessments. Section 9(g)(3) does not require a foreclosure sale purchaser to pay any of the prior owner's unpaid assessments if the purchaser pays the assessments coming due following the sale. Thus, section 9(g)(3) ensures payment of assessments accruing after the foreclosure sale. Under section 9, mortgagees may be exempted from liability for the prior owner's unpaid assessments, but only if the mortgagee pays the assessments coming due following its purchase of the unit at the foreclosure sale.

¶ 34 We further note that although sections 9(g)(1) and 9(g)(3) do not require notice to defendant of the prior owner's unpaid assessments, the terms of section 9(g)(1) effectively put mortgagees on notice of the potential for unrecorded association liens. Section 9(g)(1) states any action to extinguish those liens must include the association as a party. Additionally, the Act allows an encumbrancer "from time to time [to] request in writing a written statement *** setting forth the unpaid common expenses with respect to the unit

covered by his encumbrance." 765 ILCS 605/9(j) (West 2008). Thus, a mortgagee may protect its interest by requesting notice of unpaid assessments, joining the association as a party to a foreclosure action, and paying assessments that accrue following its purchase of a property at a foreclosure sale.

¶ 35     Defendant also argues that the appellate court's construction of section 9(g)(3) conflicts with section 15-1509(c) of the Foreclosure Law. Section 15-1509(c) provides that foreclosure of a mortgage extinguishes all junior lien interests of parties joined in the foreclosure action. Defendant maintains plaintiff's lien was extinguished in the foreclosure action and it cannot be revived to "confirm the extinguishment" under the Act.

¶ 36     Section 15-1509(c) of the Foreclosure Law provides, in pertinent part:

> "Any vesting of title *** by deed pursuant to subsection (b) of Section 15-1509, unless otherwise specified in the judgment of foreclosure, shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any nonrecord claimant who is given notice of the foreclosure ***." 735 ILCS 5/15-1509(c) (West 2008).

¶ 37     We presume that several statutes relating to the same subject are governed by a single spirit and policy and that the legislature intended the statutes to be consistent and harmonious. *Uldrych v. VHS of Illinois, Inc.*, 239 Ill. 2d 532, 540 (2011). Even when there is an apparent conflict between statutes, they must be construed in harmony if reasonably possible. *Knolls Condominium Ass'n v. Harms*, 202 Ill. 2d 450, 459 (2002). Section 9(g)(3) of the Act and section 15-1509(c) of the Foreclosure Law both relate to the foreclosure of condominium units. Accordingly, we presume that the legislature intended the Act and the Foreclosure Law to be consistent and harmonious.

¶ 38     A review of those statutory provisions shows they may be construed consistently. Under section 15-1509(c) of the Foreclosure Law, vesting of title in the purchaser acts as a bar to claims of parties to the foreclosure action, thus extinguishing junior liens. Consistent with the Foreclosure Law, section 9(g)(1) of the Act states that "[a]ny action brought to extinguish the lien of the association shall include the association as a party." 765 ILCS 605/9(g)(1) (West 2008). Section 9(g)(1), therefore, requires compliance with the Foreclosure Law to extinguish the association's lien. Section 9(g)(3) then provides an additional step to "confirm the extinguishment" of the association's lien by requiring payment of postforeclosure sale assessments. By employing the "confirms the extinguishment" language, section 9(g)(3) assumes that the lien has been extinguished under the Foreclosure Law. The plain language of the Act and the Foreclosure Law may, therefore, be reasonably construed together to provide a process for extinguishing and confirming the extinguishment of the association's lien.

¶ 39     While defendant argues that a mortgagee must be able to extinguish junior lien interests joined in the foreclosure action to convey clear title to a subsequent purchaser, section 9 of the Act does not impede defendant's ability to provide clear title. Section 9(g)(3) only requires the foreclosure sale purchaser to pay assessments coming due following the foreclosure sale. Payment of those assessments confirms the extinguishment of the lien for the prior owner's unpaid assessments. Accordingly, defendant's interest in providing clear title will not be impaired if it complies with section 9(g)(3) and pays the assessments coming due following its purchase of a property at a foreclosure sale.

¶ 40 Given our construction of the statutory provisions, we conclude that the trial court did not err in granting plaintiff summary judgment. While defendant argues that the trial court erred in granting summary judgment because plaintiff's lien was extinguished under section 15-1509(c) of the Foreclosure Law, the record is not entirely clear that plaintiff was joined as a party to the foreclosure action. Although defendant asserts in its brief that it joined plaintiff as a party, it admits "the underlying foreclosure papers are not of record."

¶ 41 In any case, even if the record clearly established that defendant joined plaintiff as a party to the foreclosure, defendant failed to confirm the extinguishment of plaintiff's lien under section 9(g)(3) of the Act. The record shows that defendant purchased the unit at a foreclosure sale on June 17, 2010. The affidavit of plaintiff's property manager establishes that defendant did not make any assessment payments after purchasing the property at the foreclosure sale. Based on the evidence of record, we conclude that defendant failed to confirm the extinguishment of plaintiff's lien for the prior owner's unpaid assessments under section 9(g)(3) of the Act.

¶ 42 Defendant does not present any other argument challenging the trial court's order granting summary judgment. Accordingly, the trial court's order granting plaintiff summary judgment must be affirmed.

¶ 43                                  III. CONCLUSION

¶ 44 For the foregoing reasons, the judgments of the circuit and appellate courts are affirmed.

¶ 45 Affirmed.