2022 IL App (1st) 220075-U

THIRD DIVISION
December 28, 2022

No. 1-22-0075

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| *In re* ESTATE OF JERRY C. MARTIN SR., | ) | Appeal from the |
| | ) | Circuit Court of |
| A Disabled Person | ) | Cook County. |
| | ) | |
| (Gianina Martin, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Paul S. Franciszkowicz, as Guardian *ad Litem* for Jerry | ) | |
| C. Martin Sr., and Jwon Martin, | ) | No. 21 P 3115 |
| | ) | |
| Respondents | ) | |
| | ) | |
| (Paul S. Franciszkowicz, Respondent-Appellee; | ) | Honorable |
| Jwon Martin, Respondent-Appellant)). | ) | Jesse Outlaw, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE McBRIDE delivered the judgment of the court.
Justices Reyes and Burke concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Jwon's claims have been forfeited on appeal for failure to raise them before the trial court and failure to comply with Supreme Court Rule 341(h)(7).

¶ 2    This case involves a petition for appointment of a guardian of a person with a disability and a citation to recover assets relating to the care of Jerry C. Martin, Sr. (Jerry), and his children, including respondent Jwon Martin (Jwon).[1] Following a hearing the trial court found that Jwon breached her fiduciary duties to Jerry and converted $115,705.35 of Jerry's funds. The court then entered judgment against her in that amount. Jwon appeals *pro se*, arguing that the trial court abused its discretion in finding there was no violation of Illinois Supreme Court Rule 213(f) (Ill. S. Ct. R. 213(f) (eff. Jan. 1, 2018)).

¶ 3    On April 27, 2021, petitioner Gianina Martin (Gianina)[2], Jerry's daughter, filed a petition for appointment of guardian of a person with a disability. The petition alleged that Jerry was disabled due to dementia and lacked sufficient understanding or capacity to make or communicate responsible decisions concerning the care of his person and was unable to manage his estate or financial affairs. The petition requested that Gianina be appointed guardian of Jerry's person and First Midwest Bank (FMB) be appointed guardian of his estate. Jerry had executed a power of attorney for property and power of attorney for health care (POAs), naming Gianina for both. The petition indicated that Jerry has four adult children: Gianina, Jwon, Jerry C. Martin, Jr. (Jerry Jr.), and Jalanda Martin (Jalanda). On April 29, 2021, Gianina filed a petition for temporary guardian of alleged person with a disability, seeking her appointment as a temporary guardian of Jerry's person and FMB as the temporary guardian of his estate. The trial court granted both temporary appointments.

¶ 4    In June 2021, Gianina, as temporary guardian of Jerry's person, filed an emergency petition to temporarily move Jerry to her home in Atlanta, Georgia. The emergency petition also

---

[1] Because there are multiple members of the Martin family involved, we will refer to respondents and other Martin family members by their first names.
[2] Gianina is not a party to this appeal.

alleged that Jerry was a 66-year-old man living alone in Chicago and he has been diagnosed with dementia, high blood pressure, cirrhosis of the liver, and he suffered from mini strokes. The petition detailed an encounter with Jwon during a recent visit to Jerry's house. Gianina stated that she was "fearful" that Jwon would continue to interfere with any care plan Gianina puts in place for Jerry. It was disclosed that Jerry had more recently signed new POAs naming Jwon. FMB also filed an emergency petition to freeze bank accounts and stated that Jwon indicated that she had possession of Jerry's bank card and intended to withdraw funds. On June 30, 2021, the trial court extended the temporary guardianship for Jerry, suspended all POAs executed by Jerry, and appointed Midwest Care Management Services, Ltd., as the care manager for Jerry's estate. The court further ordered Jerry to be reevaluated by his physician regarding his medication needs, admonished all parties not to discuss the guardianship matters with Jerry, and advised Jwon that the previous POAs were suspended and she had no authority to act on Jerry's behalf or to infringe the temporary guardians' duties. The court also ordered "Any and all parties who wish to initiate Discovery shall do so within 28 days, or by July 28, 2021."

¶ 5     On June 11, 2021, the trial court appointed Paul S. Franciszkowicz as the guardian *ad litem* (GAL) for an alleged disabled person, Jerry C. Martin, Sr.[3] In August 2021, the trial court granted the GAL leave to file a cross-petition nominating the Cook County Office of the Public Guardian as guardian and ordered an independent medical evaluation of Jerry. In September 2021, the trial court granted Gianina's emergency motion for a temporary restraining order (TRO), which temporarily enjoined Jwon from accessing, transferring, liquidating, or otherwise having control of the funds in Jerry's accounts, froze Jerry's bank accounts, and required the bank to turn all funds in the designated accounts over to FMB.

---

[3] On December 20, 2022, the GAL, as the appellee, supplemented the record on appeal with the June 11, 2021 order appointing Paul S. Franciszkowicz.

¶ 6    On October 7, 2021, Gianina, as temporary guardian for Jerry's person, filed a motion for a preliminary injunction asking the court to enjoin Jwon from accessing, transferring, liquidating, or otherwise having control of the funds in four listed accounts and freezing all bank accounts held under Jwon's name, either solely or in any other tenancy. The motion alleged that from the information obtained in an investigation, FMB discovered that Jwon "absconded" money from Jerry's bank accounts, which showed balances of  $44,521.99 in Jerry's checking account on May 17, 2021, and $92,625.29 in Jerry's savings account on June 9, 2021, which likely included funds from Jerry's certificate of deposit that was closed the same day. On October 7, 2021, Jerry's checking account had a balance of $4,432.99 and his savings account had a balance of $9,614.51. On October 21, 2021, FMB, as temporary guardian of Jerry's estate, filed a petition for issuance of a citation to recover assets against Jwon and alleging conversion of $129,752.96 of Jerry's funds. The trial court subsequently granted the petition and issued a citation to recover assets against Jwon.

¶ 7    In October 2021, Gianina filed an emergency motion to appoint a special process server to serve Jwon. FMB also filed a motion for alternative service by publication and/or posting notice of the citation to recover assets on Jwon. The motion alleged that Gianina had made all reasonable efforts to accomplish actual service of process on Jwon via a special process server, but Jwon was evading service. The special process server was unable to effectuate service on Jwon after three attempts. The motion detailed that Jwon had appeared in court on multiple occasions, but when asked by the court if she would submit herself to the court's jurisdiction, she declined. FMB amended the motion for alternative service in November 2021, to state that the special process server had attempted to serve Jwon six times. The trial court granted FMB's motion for alternative service by publication and/or posting.

¶ 8     In December 2021, the results of the independent medical evaluation were filed with the court. Dr. Geoffrey Shaw evaluated Jerry on August 17, 2021. According to the report, Jerry was a 67-year-old man, residing alone. His sister would care for him on weekdays between 10 a.m. and 2 p.m., but he did not have a caregiver on the weekends. Dr. Shaw found that Jerry had severe impairment in his executive functioning. Jerry does not believe he has dementia and discontinued medication to treat hypertension and high cholesterol. Dr. Shaw opined that Jerry's dementia and its associated cognitive deficits will continue to deteriorate. In his opinion, Jerry required 24-hour supervision. Dr. Shaw concluded that due to the severity of his impaired executive functioning due to dementia, Jerry required a guardian of the person and estate to make decisions on his behalf.

¶ 9     On December 15, 2021, the trial court conducted a videoconference hearing on the petition to appoint a guardian and the citation to recover assets, which included sworn testimony from witnesses. Regarding the guardianship matters, Franciszkowicz, as the GAL, recommended that Jerry needed a guardian of the person and estate. The court acknowledged Dr. Shaw's report of his examination of Jerry, with the findings described above. The court observed that the medical report was timely prepared and "supported a finding of disability as defined under the Probate Act as well as an analysis of [Jerry's] physical and mental condition ***." Based on the report by the GAL as well as the medical report, the court found by clear and convincing evidence that because of Jerry's disability, he lacked sufficient understanding and capacity to make certain decisions regarding his person and estate. The court then appointed FMB as the limited guardian of the estate and Gianina as the limited guardian of the person.

¶ 10     The court thereafter proceeded on the citation to recover assets. Jwon appeared at the videoconference as the citation portion of the hearing began. The court asked her if she was

5

willing to participate in the proceedings, she responded in the affirmative. The court further asked if Jwon was subjecting herself to the court's jurisdiction, Jwon answered, "I don't know what that means. But if that means that is how I answer or reply to whatever is being brought towards me, then yes." The court stated on the record that Jwon had submitted herself to the court's jurisdiction. Jwon represented herself in the proceedings and gave an opening statement denying that she had possession of Jerry's funds.

¶ 11    The court then heard sworn testimony from Dr. Shaw, Gianina, and Jwon in FMB's case. Jwon presented the sworn testimony of Jerry's sister, Janice Martin, in her case and cross-examined the witnesses. Since Jwon has not challenged the merits of the trial court's citation judgment, we present only the other details necessary for our disposition.

¶ 12    In his testimony, Dr. Shaw detailed his evaluation of Jerry and his medical opinion contained in his report. The doctor noted that Jerry displayed poor judgment by discontinuing his medications for hypertension and cholesterol because Jerry did not feel the medications were helping him. Dr. Shaw also found that Jerry had great difficulty comprehending his physical and cognitive limitations, which showed that he required considerable help. Dr. Shaw further testified that based on his deficits, Jerry lacked capacity to enter into contractual agreements, such as legal documents related to his bank account. Dr. Shaw stated that he had no preference where Jerry should live or with whom, however he did opine that that Jerry required someone with him at all times.

¶ 13    In her sworn testimony, upon examination, Jwon stated that Jerry's money was not in a bank, he physically had possession of it. She testified that she gave Jerry $129,000 cash in a sealed bag. FMB's attorney noted that FMB was able to recover about $14,000 of that amount, and asked if Jwon had given Jerry $115,000 in cash. She responded that she was not sure of the

dollar amount, but she gave him whatever was taken out of the bank accounts. She did not know where that money was at the time of the hearing. She admitted that she told a doctor at a neuropsych evaluation in May 2021, she had taken over Jerry's finances because Jerry had been overpaying some bills and had been forgetful with his bills but Jwon testified she had no personal concern over Jerry's ability to make decisions regarding his finances.

¶ 14 Following the hearing, the court entered an order finding that: (1) Jwon has submitted herself to the court's jurisdiction; (2) since March 2020, Jerry has been unable to make or communicate reasonable personal or financial decisions, including bank documents to add a joint tenant, open a bank account, or remove himself from a bank account; (3) Jwon converted $115,705.35 of Jerry's funds; (4) Gianina established by clear and convincing evidence that a fiduciary relationship existed between Jwon and Jerry at the time of the conversion; and (5) Jwon breached said fiduciary relationship by converting Jerry's funds and committed a fraud on Jerry. The court entered judgment against Jwon in the amount of $115,705.35. The court also granted the petition for appointment of guardian of a person with a disability in a separate agreed order.

¶ 15 This appeal followed. Jwon, acting *pro se*, filed a timely notice of appeal on January 13, 2022, listing the judgment from December 15, 2021, in compliance with Illinois Supreme Court Rule 303 (eff. Jan. 1, 2015). Accordingly, this court has jurisdiction of this appeal under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994).

¶ 16 Jwon argues on appeal that the trial court abused its discretion in finding no violation of Supreme Court Rule 213(f) (Ill. S. Ct. R. 213(f) (Jan. 1, 2018)). However, in her argument section, she lists numerous separate claims unrelated to Rule 213(f), including all of the following: the trial court failed to schedule a discovery deposition, the court did not provide Jwon sufficient time to prepare for the hearing, the GAL was not ordered by the court and did

not act in Jerry's best interest, a witness was added the day of the hearing, the court did not have jurisdiction over Jwon until the day of the hearing, the court granted several orders against Jwon without notice or jurisdiction, Gianina's attorney was allowed to give an improper opening statement, and Jerry's attorney was ineffective. Notably, none of these listed issues has any citation to authority or any reasoned argument. Rather, Jwon simply listed each claim after the other as her argument.

¶ 17     We observe that *pro se* litigants, such as Jwon, are not entitled to more lenient treatment than attorneys. "In Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. "*Pro se* litigants are presumed to have full knowledge of applicable court rules and procedures." *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 528 (2001).

¶ 18     In its response, the GAL maintains that Jwon's Rule 213(f) claim has been forfeited because she failed to raise this argument in the trial court. We agree. It is well settled that a party who does not raise an issue in the trial court forfeits that issue and may not raise it for the first time on appeal. *1010 Lake Shore Association v. Deutsche Bank National Trust Co.*, 2015 IL 118372, ¶ 14. The purpose of the "forfeiture rules is to encourage parties to raise issues in the trial court, thus ensuring both that the trial court is given an opportunity to correct any errors prior to appeal and that a party does not obtain a reversal through his or her own inaction." *Id.* Jwon never raised any argument or objection related to Rule 213(f) before the trial court and thus, it has been forfeited.

¶ 19     Forfeiture aside, Rule 213(f) is not applicable to these guardianship proceedings. Rule 213(f) provides that upon a written interrogatory, a party must furnish the identities and

addresses of witnesses who will testify at trial. Ill. S. Ct. R. 213(f) (eff. Jan. 1, 2018). Jwon refers to case law describing Rule 213(f) as providing a degree of certainty and predictability in the trial process and prevent trial by ambush. *Copeland v. Stebco Products Corp.*, 316 Ill. App. 3d 932, 946 (2000). While this is an accurate statement of law, no written interrogatories appear in the record for either party. The record before us shows that Jwon failed to propound any discovery in this case, including any written interrogatories. The witnesses who testified at the hearing were Dr. Shaw, Gianina, Jwon, and Janice Martin, as Jwon's witness. Jwon does not assert that any of these witnesses appeared by surprise or that she served a written interrogatory during discovery that was not answered. Since no written interrogatories regarding witnesses were submitted in this case, Rule 213(f) does not apply, and this argument is without merit.

¶ 20    The remaining claims asserted by Jwon were raised in single sentences and without citation to the record or to any relevant authority. Illinois Supreme Court Rule 341(h)(7) requires an appellant to include in its brief an "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008). Mere contentions, without argument or citation to authority, do not merit consideration on appeal. *Palm v. 2800 Lake Shore Drive Condominium Association,* 401 Ill. App. 3d 868, 881 (2010). The rule is consistent with the principle that "[a] reviewing court is entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented ***, and it is not a repository into which an appellant may foist the burden of argument and research." *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993). The above cited procedural rules concerning the content and format of appellate briefs are mandatory. *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8.

¶ 21    It is not this court's role to create an appellate argument, research the issue, and then apply the relevant authority to the facts in order to determine whether the claims have merit. Undertaking these tasks would not only shift Jwon's burden to this court, but also deprive the other parties of a meaningful opportunity to respond to the theory. While Jwon addresses some of these arguments with brief discussion and limited authority in her reply brief, she cannot avoid her forfeiture of these claims. Under Rule 341(h)(7), "[p]oints not argued are forfeited and shall not be raised in the reply brief." Ill. S. Ct. R. 341(h)(7). For these reasons, Jwon's claims fall well short of Rule 341 and has been forfeited.

¶ 22    Further, none of these additional claims were raised before the trial court. As previously stated, a party who does not raise an issue in the trial court forfeits that issue and may not raise it for the first time on appeal. *1010 Lake Shore Association*, 2015 IL 118372, ¶ 14. Since Jwon did not preserve these claims before the trial court, they have been forfeited under this basis as well.

¶ 23    Based on the foregoing reasons, we affirm the decision of the circuit court of Cook County.

¶ 24    Affirmed.