2022 IL App (1st) 210633

No. 1-21-0633

Opinion filed February 2, 2022

Third Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| KENNETH DARTT, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 L 2459 |
| | ) | |
| JOSHUA PEGMAN, CHASE-WESTERN, INC., a/k/a | ) | Honorable |
| Mullen's Bar & Grill, an Illinois Corporation, and | ) | Sandra G. Ramos |
| PRAIRIE DOG LP, a/k/a Mullens on Clark, an Illinois | ) | Judge, presiding. |
| Corporation, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| (Prairie Dog, LP, | ) | |
| | ) | |
| Defendant-Appellant). | ) | |

_____

JUSTICE BURKE delivered the judgment of the court, with opinion.
Presiding Justice Gordon and Justice McBride concurred in the judgment and opinion.

**OPINION**

¶ 1    This case comes before us pursuant to Illinois Supreme Court Rule 308(a) (eff. Oct. 1,

2019). The trial court certified the following question for our review: "Under 735 ILCS 5/2-610(b),

when an answer to an allegation in a complaint concludes, 'and therefore it is denied,' is the denial

to be disregarded when earlier in the answer the defendant stated that it lacks sufficient knowledge, and did not attach an affidavit of no knowledge?" We answer in the negative; the explicit denial controls, and the claim of lack of knowledge is surplusage that should be disregarded.

¶ 2                                    I. BACKGROUND

¶ 3      Plaintiff, Kenneth Dartt, went to Mullen's Bar & Grill (Mullen's) on the 3500 block of North Clark Street on the night of April 9, 2016. During the early morning hours of April 10, 2016, he left the bar to go home. As plaintiff was exiting the bar, Joshua Pegman was attempting to reenter and was arguing with the bouncer about whether he had to pay a second cover charge. Plaintiff and Pegman had never met each other. As plaintiff exited the door that Pegman was trying to enter, Pegman "directed belligerent statements and expletives" at him, then "viciously attacked Plaintiff with a forceful punch to his face which knocked Plaintiff to the ground wherein he hit his head on the sidewalk and was knocked unconscious." Pegman continued to punch and kick plaintiff while he was unconscious on the sidewalk. Eventually, Mullen's employees restrained Pegman until police arrived. Plaintiff suffered "severe facial and head injuries" and "was unable to work for a period of 23 months and, accordingly, lost wages."

¶ 4      In 2018, plaintiff sued Pegman and two Illinois corporations, Chase-Western, Inc., and Prairie Dog LP (Prairie Dog), both of which he alleged owned Mullen's. Plaintiff's first amended complaint alleged the facts set out above, counts of assault and battery against Pegman, and counts of negligence against the corporate defendants.

¶ 5      Defendant Prairie Dog's answer to the first amended complaint admitted that it owned Mullen's. Prairie Dog denied some of plaintiff's allegations and admitted others. Relevant here, the answer also responded to 18 allegations, most of which concerned the facts of the incident

itself, as follows: "This defendant lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph [number] and therefore they are denied." Prairie Dog did not attach an affidavit supporting its claims of insufficient knowledge to its answer.

¶ 6    Plaintiff moved for summary judgment against Prairie Dog on the negligence count, arguing that the allegations answered in this manner should be deemed admitted because Prairie Dog failed to submit an affidavit supporting its claims of lack of sufficient knowledge, in violation of section 2-610(b) of the Code of Civil Procedure (Code) (735 ILCS 5/2-610(b) (West 2018)).[1] Therefore, plaintiff argued, Prairie Dog admitted that (1) it only employed one bouncer for the door of Mullen's, (2) that bouncer refused Pegman entry, (3) the bouncer failed to remove Pegman from the doorway, (4) the bouncer failed to intervene when Pegman assaulted plaintiff, and (5) Prairie Dog had a duty to keep plaintiff safe while he was on the bar's premises. In response, Prairie Dog argued that all answers at issue ended with "and therefore they are denied," which constituted an explicit denial of plaintiff's allegations. Under section 2-610(b), only allegations that are not denied are deemed admitted. 735 ILCS 5/2-610(b) (West 2018). Thus, Prairie Dog contended, the court could not deem any of its answers admitted and could not grant summary judgment on that basis.

¶ 7    The circuit court granted plaintiff's motion for summary judgment, finding that:

"Defendant failed to provide/attach an Affidavit of Insufficient Knowledge as required by 735 ILCS 5/2-610(b) to its Answer to Plaintiff's First Amended Complaint. Therefore, all allegations wherein Defendant alleged insufficient knowledge in its Answer are deemed as

---

[1]Plaintiff's reply in support of his motion for summary judgment indicates that he settled with Pegman.

ADMITTED. With that procedural ruling made, the Court agrees with Plaintiff that there is no question of fact remaining for a jury to determine liability and negligence of the Defendant and the Court grants Plaintiff's Motion. This matter will continue to trial on the issue of damages only."

¶ 8 Prairie Dog filed a motion to reconsider the grant of summary judgment or, in the alternative, for a certified question under Rule 308(a). Prairie Dog's motion explained that it claimed insufficient knowledge in its answer because

"Mullen's on Clark closed shortly after the subject April 9, 2016 incident, as part of a large Wrigleyville urban renewal project. Given this circumstance, the employees went their various ways, and by the time this defendant was served, some three-plus years later, counsel only had contact with the owner, who was not present on the night of the incident."

Prairie Dog requested that the trial court certify the following question pursuant to Rule 308(a): "When in its answer to an allegation in a complaint [a] defendant states that it lacks sufficient knowledge, does not attach an affidavit of no knowledge, and ends the sentence with the phrase, 'and therefore it is denied,' is the allegation deemed admitted under 735 ILCS 5/2-610(b)?" Plaintiff's response opposed Rule 308(a) certification.

¶ 9 The trial court certified the following question pursuant to Illinois Supreme Court Rule 308(a) (eff. Oct. 1, 2019): "Under 735 ILCS 5/2-610(b), when an answer to an allegation in a complaint concludes, 'and therefore it is denied,' is the denial to be disregarded when earlier in the answer the defendant stated that it lacks sufficient knowledge, and did not attach an affidavit of no knowledge?"

¶ 10                                    II. ANALYSIS

¶ 11    "Supreme Court Rule 308 provides a remedy of permissive appeal for interlocutory orders where the trial court has deemed that they involve a question of law as to which there is substantial ground for difference of opinion and where an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Apollo Real Estate Investment Fund, IV, L.P. v. Gelber*, 398 Ill. App. 3d 773, 778 (2009); Ill. S. Ct. R. 308(a) (eff. Oct. 1, 2019). "We apply a *de novo* standard of review to legal questions presented in an interlocutory appeal brought pursuant to Supreme Court Rule 308(a)." *Apollo*, 398 Ill. App. 3d at 778. "Our review is strictly limited to the certified question[ ] presented; we do not render any opinion on the propriety of any underlying rulings of the trial court." *Id*.

¶ 12    Section 2-610 of the Code provides, in relevant part:

"(a) Every answer and subsequent pleading shall contain an explicit admission or  denial of each allegation of the pleading to which it relates.

(b) Every allegation, *** not explicitly denied is admitted, unless the party states in his or her pleading that he or she has no knowledge thereof sufficient to form a belief, and attaches an affidavit of the truth of the statement of want of knowledge, or unless the party has had no opportunity to deny.

(c) Denials must not be evasive, but must fairly answer the substance of the allegation denied." 735 ILCS 5/2-610 (West 2018).

¶ 13    "The fundamental objective of statutory construction is to ascertain and give effect to the intent of the legislature." *1010 Lake Shore Ass'n v. Deutsche Bank National Trust Co.*, 2015 IL 118372, ¶ 21 (citing *Bettis v. Marsaglia*, 2014 IL 117050, ¶ 13). "The most reliable indicator of

legislative intent is the statutory language, given its plain and ordinary meaning." *1010 Lake Shore Ass'n*, 2015 IL 118372, ¶ 21 (citing *State Building Venture v. O'Donnell*, 239 Ill. 2d 151, 160 (2010)). "A reasonable construction must be given to each word, clause, and sentence of a statute, and no term should be rendered superfluous." *1010 Lake Shore Ass'n*, 2015 IL 118372, ¶ 21 (citing *Slepicka v. Illinois Department of Public Health*, 2014 IL 116927, ¶ 14). " '[W]hen statutory language is plain and certain the court is not free to give it a different meaning.' " *Kalkman v. Nedved*, 2013 IL App (3d) 120800, ¶ 12 (quoting *In re Estate of Hoehn*, 234 Ill. App. 3d 627, 629 (1992)). "[A] court may not depart from the plain statutory language by reading into it exceptions, limitations, or conditions not expressed by the legislature." *Kalkman*, 2013 IL App (3d) 120800, ¶ 12 (citing *In re Estate of Ellis*, 236 Ill. 2d 45, 51 (2009)).

¶ 14 The statutory language of section 2-610 is clear. The threshold question under the statute is whether there is an "explicit admission or denial of each allegation of the pleading to which it relates." 735 ILCS 5/2-610(a) (West 2018). If there is no explicit denial of an allegation, then it is deemed admitted, unless the party states that he or she has insufficient knowledge to form a belief and attaches an affidavit averring the same. 735 ILCS 5/2-610(b) (West 2018). Thus, under section 2-610, there is a two-step process in analyzing an answer: (1) Is there an explicit admission or denial of the allegation? (2) If not, is there a claim that the party lacks sufficient knowledge that is supported by an affidavit?

¶ 15 In this case, Prairie Dog's answers stated: "This defendant lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph [number] and therefore they are denied." These answers provide an explicit denial: "[T]hey are denied." Thus, the section 2-

610 analysis stops at the first clause of section 2-610(b), before the word "unless." Because Prairie Dog explicitly denied the allegations at issue, they cannot be deemed admitted.

¶ 16　The remaining portion of Prairie Dog's answers, in which it claimed lack of knowledge, is surplusage. In its motion to reconsider and its brief on appeal, Prairie Dog explains the reasoning behind this language: Mullen's had closed, employees involved in the incident could not be located, and the owner was not present on the night of the incident. Since there was no available individual with actual knowledge as to the events on the night in question, Prairie Dog lacked affirmative knowledge as to precisely what occurred. However, based on its ordinary course of business, Prairie Dog believed that the allegations should be denied. This explanation, while understandable in a practical sense, was unnecessary to Prairie Dog's answer. Section 2-610 does not allow for explanations of a defendant's denials, so this language is simply irrelevant. The bottom line is that section 2-610 looks to whether a party has pleaded insufficient knowledge *only* when there is no explicit denial. See 735 ILCS 5/2-610(b) (West 2018). In the case at bar, there was an explicit denial. Accordingly, we answer the certified question in the negative.

¶ 17　　　　　　　　　　　　　III. CONCLUSION

¶ 18　For the foregoing reasons, we answer the certified question in the negative. When a defendant explicitly denies an allegation of a plaintiff's complaint and explains that its denial is based on its lack of knowledge, the denial controls, and the claim of insufficient knowledge is surplusage that is to be disregarded. We remand this case for further proceedings consistent with this opinion.

¶ 19　Certified question answered; cause remanded.

---

**No. 1-21-0633**

---

| | |
|---|---|
| **Cite as:** | *Dartt v. Pegman*, 2022 IL App (1st) 210633 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 18-L-2459; the Hon. Sandra G. Ramos, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Creed T. Tucker, of Tucker Robin & Merker, LLC, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | No brief filed for appellee. |

---